UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID POORTENGA,

        Petitioner,

v.                                 CIVIL ACTION NO. 03-CV-75115-DT
                                    HONORABLE DENISE PAGE HOOD

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner has filed a motion for a certificate of appealability concerning this Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

As discussed in this Court's dismissal order, Petitioner's habeas claims clearly lack merit. Petitioner has not shown that his plea was involuntary under the standard set forth in *Brady v. United States*, 397 U.S. 742, 748-55 (1970). He has not presented evidence to contradict the statements contained in the plea transcripts nor offered corroborating evidence to support his assertion that he was misled or confused about his plea. The record reveals that the trial court informed Petitioner of the direct consequences of his plea. The fact that Petitioner was dissatisfied with his sentence or hoped for more lenient treatment does not render his plea unknowing or involuntary. *Id*. at 757; *see also Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Additionally, Petitioner has not established that trial counsel was ineffective under the standards set forth in *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985), and *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The record does not support Petitioner's assertion that counsel coerced him or misadvised him. Moreover, the trial court's plea colloquy cured any misunderstandings Petitioner may have had about sentencing or the consequences of his plea. *See Ramos*, 170 F.3d at 565. Petitioner is also not entitled to habeas relief on his claim of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Lastly, to the

extent that Petitioner asserts that the trial court violated Michigan law in refusing to allow him to withdraw his guilty plea before sentencing, he is not entitled to habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional rights as to his habeas claims.

Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability **(Docket No. 25, filed April 20, 2005)**. Given this determination, the Court also **DENIES** leave to proceed on appeal *in forma pauperis*. **(Docket No. 29, June 21, 2005)** *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: June 27, 2005

3